IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ENOCH DOWDELL, | Case No. 1: 24 CV 568 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| TAMIKA GAINES, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

### Background

*Pro se* Plaintiff Enoch Dowdell has filed an *in forma pauperis* complaint in this case labeled as a "Bill in Equity Prayer for Injunction Prayer for Enforcement of Quo Warranto, Breach of Trust." (Doc. No. 1.) He sues four defendants: Tamika Gaines, who appears to be Plaintiff's ex-wife; "Ditko-Bevione," who appears to be Cuyahoga County Domestic Violence Magistrate Sharon Ditko-Bevione; and Nailah K. Bird, Cuyahoga County Clerk of Court. (*Id*.) His pleading, however, is incomprehensible. It sets forth neither cogent factual allegations nor legal claims. Instead, it consists entirely of incomprehensible statements and legal rhetoric unconnected to any alleged specific discernible conduct of Defendants. As the basis for the Court's jurisdiction, Plaintiff states:

> In non commercial, non statutory, Chancery, common law, judicial power, maxims, 1789 Judiciary act and according to the law of the land, agents of a foreign principal are required to file any pretended bill in the appropriate District Court prior to exercising rights to that claim. The District Courts have 'exclusive original cognizance' of all inland seizures and this includes vessels in rem (Rule C (3)) such as trust organizations and legal names.

(*Id*. at 2, ¶ I.)

The relief Plaintiff seeks is also incomprehensible. He states "[t]he recourse sought is immediate exclusive original cognizance of the United States through the District Court under article 3. This case is a repository for evidence for injunctive relief OR DEGREE [sic] from any future presentments/order(s) breaches of trust, injury and unjust enrichment, or similar actions from any foreign agents or principals." (*Id*. at 5, ¶ V.)

### Standard of Review and Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded pro se plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). A complaint is frivolous "where it lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

In addition, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B) and *Apple v. Glenn*. The complaint is so incomprehensible, unsubstantial, incoherent, and frivolous that it does not provide a basis to establish this Court's subject-matter jurisdiction over any plausible federal claim upon which the Court may grant him relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief). To the extent his pleading can be deciphered, it characterizes "fantastic or delusional scenarios." *See Abner v. SBC (Ameritech)*, 86 Fed. App'x 958, 958 (6th Cir. 2004) (a *pro se* complaint is properly dismissed as frivolous "if it is based on legal theories that are indisputably meritless" or describes "fantastic or delusional scenarios"). *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

Furthermore, to the extent Plaintiff is seeking to challenge or overturn a state-court divorce decree or other domestic relations decision, his action is barred by the doctrines of claim preclusion and *Rooker–Feldman*. *See Evans v. Franklin Cnty. Court of Common Pleas, Div. of Domestic Relations*, 66 Fed. App'x 586, 588 (6th Cir. 2003) (upholding dismissal of action directed to state court procedures and specific acts and decisions of a duly constituted Ohio domestic relations court, stating that claim preclusion bars parties from re-litigating issues that could have been raised in an earlier action and that the *Rooker–Feldman* doctrine precludes consideration of claims having the effect of overturning decisions of an Ohio domestic relations court).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Court's authority established in *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: May 15, 2024                      U. S. DISTRICT JUDGE